UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BARCHI, L.L.C. and CHIFICI         *      CIVIL ACTION
ENTERPRISES, INC.

versus                             *      NO. 06-7410

THE HARTFORD STEAM BOILER INSPECTION  *   SECTION "F"
and INSURANCE COMPANY and POWELL
INSURANCE AGENCY, INC.


ORDER AND REASONS

Before the Court is plaintiffs' motion to remand and Powell Insurance Agency's motion for summary judgment. For the reasons that follow, the motion to remand is GRANTED.

Background

Hurricane Katrina and the looting that followed damaged the plaintiffs' commercial properties. The plaintiffs had a commercial insurance policy through the Powell Insurance Agency; the policy was underwritten by Hartford Steam Boiler Inspection and Insurance Company (HSB).

HSB has refused to pay the plaintiffs' claims under their insurance policy, saying that coverage under the policy can only be triggered by an "accident" to the covered equipment that was the sole cause of the damage. The plaintiffs sued the insurer and the agent in state court, requesting payment for damages to their

1

property and equipment.  They accuse Powell of negligence in the procurement of insurance, including failing to secure the coverage they requested.  They accuse HSB of breach of insurance contract and bad faith claims adjustment.

HSB, a Connecticut citizen, removed the case to this Court on October 6, 2006, invoking this Court's diversity jurisdiction.  HSB urges the Court to disregard the Louisiana citizenship of Powell because it contends Powell was improperly joined to defeat this Court's exercise of diversity jurisdiction.  Alternatively, HSB contends that the Court has original federal subject matter or supplemental jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA), 28 U.S.C. §§ 1369 and 1441(e)(1).

The plaintiffs filed a motion to remand, which HSB and Powell oppose.  Powell has also filed a motion for summary judgment, raising the same improper joinder arguments based on peremption.  The plaintiffs oppose Powell's motion for summary judgment.

I.

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies.  Common jurisdictional issues run through these cases, and the standards for diversity jurisdiction and the discretion to remand cases to state court have been

enumerated time after time, as well as the standards for the duty owed by insurance agents to the insured. See Kurz v. Scottsdale Ins. Co., 2006 WL 3240787 (E.D. La. Nov. 7, 2006); Thomas P. Ragas v. Jimmy Tarleton III and Allstate Ins. Co., 2006 WL 2925448 (E.D. La. Oct. 10, 2006); Bienemy v. American Sec. Ins. Co., 2006 WL 2925454 (E.D. La. Oct. 10, 2006); Tomlinson v. St. Paul Fire & Marine Ins. Co., 2006 WL 2632105 (E.D. La. Sept. 12, 2006).

HSB contends that the plaintiffs' claims against Powell are preempted because the commercial policy became effective in June 2002 -- more than three years before the plaintiffs' claim. But the plaintiffs counter that they had conversations with Powell to request changes and increases in their coverage when they renewed their policy before Hurricane Katrina, which was within three years of the damage to their commercial property that caused them to discover that Powell had misrepresented that their property would be covered in the event of a hurricane.

The defendants must discharge a heavy burden to convince the Court that the plaintiffs improperly joined Powell solely to defeat this Court's diversity jurisdiction.  They have not done so; the record does not show the Court that the plaintiffs' claims against Powell are perempted.  Because Louisiana law creates a fiduciary duty for agents to procure the coverage desired by their customers, the Court cannot say that the plaintiffs in this case have no reasonable possibility of recovery against Powell under

state law.  Therefore, the Court finds that the in-state defendant, Powell, was not improperly joined, and complete diversity between the parties is destroyed.  This Court lacks diversity jurisdiction.

II.

Additionally, multiple Sections of this Court have considered whether the Multiparty, Multiforum Trial Jurisdictional Act, 28 U.S.C. § 1369(a), provides original or supplemental jurisdiction for lawsuits filed as a result of Hurricane Katrina. Unanimously, judges in this Court have agreed that it does not, in part because Hurricane Katrina is not classified by the Court as an "accident."  See, e.g., Salvaggio v. Safeco Property & Cas. Ins. Co., 2006 WL 3068971 (E.D. La. Oct. 25, 2006)(Feldman, J.); Berry v. Allstate Ins. Co., No. 06-4922, 2006 WL 2710588 (E.D. La. Sept. 19, 2006) (Zainey, J.); Flint v. La. Farm Bureau Mut. Ins. Co., No. 06-2546, 2006 WL 2375593 (E.D. La. Aug. 15, 2006) (Duval, J.); So. Athletic Club, LLC v. Hanover Ins. Co., No. 06-2005, 2006 WL 2583406 (Sept. 6, 2006) (Lemmon, J.); Southall v. St. Paul Travelers Ins. Co., No. 06-3848, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (Barbier, J.).

Accordingly, the plaintiffs' motion to remand is GRANTED. The case is hereby remanded to the 24th Judicial District Court for

the Parish of Jefferson.[1]

New Orleans, Louisiana, January 29, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court has determined that it lacks subject matter jurisdiction, it does not consider Powell's motion for summary judgment. And the plaintiffs' request for attorney's fees and costs associated with the remand motion is DENIED.